Frank Hendrick v. Commissioner.
Hendrick v. Commissioner
Docket No. 82687.
United States Tax Court
1948 Tax Ct. Memo LEXIS 163; 7 T.C.M. (CCH) 364; T.C.M. (RIA) 48100; June 14, 1948
*163 Thomas R. Wickersham, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: This proceeding involves deficiencies in income tax, 25 percent delinquency penalties for failure to file income tax returns, and 50 percent fraud penalties for the years 1925 to 1930, inclusive, in the following amounts: 25%
50%
Year
Deficiency
Penalty
Penalty
1925
$ 843.75
$ 210.94
$ 421.88
1926
32,944.75
8,236.19
16,472.38
1927
10,804.75
2,701.19
5,402.38
1928
4,483.75
1,120.94
2,241.88
1929
22,490.00
5,622.50
11,245.00
1930
1,563.75
390.94
781.88
Totals
$73,130.75
$18,282.70
$36,565.40
Petitioner failed to appear at the hearing held on April 15, 1948, at New York, New York. Counsel for respondent moved for judgment for the amount of the deficiencies and the delinquency penalties as determined in the deficiency notice for the failure of petitioner to prosecute the case, and the motion was granted. Respondent assumed his burden of proof on the question of fraud penalties for the years 1925 to 1930, inclusive, and introduced evidence at the hearing on this issue. [The Facts] In the years 1925 to 1930, inclusive, *164 petitioner was an attorney at law, with offices at 120 Broadway, New York City. He filed no Federal income tax returns for these years. During the years 1925 to 1930, inclusive, petitioner received professional fees for personal services rendered to Charles B. Squier, a client, in the following amounts: Year
Amount
1925
$ 21,500.00
1926
167,244.00
1927
77,700.00
1928
49,000.00
1929
131,500.00
1930
30,000.00
Respondent's representative charged with the investigation of petitioner examined his bank accounts at the New York Trust Company. He obtained a transcript of all of petitioner's bank accounts for the years in question and made an analysis of the deposits, the expenses and withdrawals. He prepared a schedule, showing the amount of petitioner's bank deposits for the years 1925 to 1930, inclusive, which after first eliminating those which clearly would not have been income items, disclosed deposits aggregating as follows: Year
Amount
1925
$ 49,434.70
1926
162,762.83
1927
150,528.13
1928
130,347.05
1929
230,792.83
1930
276,049.00
On March 13, 1936, petitioner was indicted for fraudulent evasion of income taxes for the *165 years 1929 and 1930. He forfeited his bond, departed from the United States, and since that time has been a fugitive from justice. The professional fees received by petitioner from Squier in the years 1925 to 1930, inclusive, were a part of petitioner's gross income for those years. All or part of the deficiency in income tax for the years 1925 to 1930, inclusive, was due to fraud with intent to evade tax. [Opinion] Our ultimate findings of fact are dispositive of this phase of the case and are based upon a consideration of the record made by respondent at the hearing. He established receipt by petitioner of large amounts of professional fees and deposits of unexplained items of income, together with petitioner's failure to report any income. The receipts were of a size and nature sufficient to eliminate the possibility of innocent oversight. The fraud penalties must be sustained. ; ; ; , affirmed (C.C.A., 3rd Cir.), . Decision will be entered for the respondent.